IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BROOKE BOGGS,

    Plaintiff,                                 CIVIL ACTION NO.: 1:25-CV-00226-C

v.

A RESTAURANT GROUP, L.L.C.,

    Defendant.
_____/

## REPORT OF PARTIES' PLANNING MEETING

Pursuant to Fed.R.Civ.P. 26(f), a meeting was held on September 26, 2025, by telephone, as the offices of the parties' principal counsel are not within 100 miles of one another, and was attended by:

Daniel J. Barroukh for Plaintiff, Brooke Boggs, and

T. Deven Moore for Defendant, A Restaurant Group, L.L.C.

The parties do not request a conference with the court before entry of the scheduling order.

1.    Plaintiff states her brief narrative statements of the facts and the causes of action stated in each count, and Defendant states its brief narrative statement of the facts and defenses, including affirmative defenses, as follows:

    a.    **Plaintiff's brief narrative statement of the facts and the causes of action:**

In or around April of 2024, Defendant interviewed and hired Plaintiff to the position of Assistant General Manager ("AGM"). During the interview, Plaintiff disclosed her pregnancy to Defendant. In or around late April of 2024, Plaintiff commenced her work as an AGM and exhibited positive performance in the AGM role. From the onset of her employment, Plaintiff discovered that Defendant collected all tips paid by its customers to its servers and later

1

redistributed the tips back to the servers; however, the total amount of tips to be distributed was incorrect, illustrating Defendant's improper withholding of tips. Plaintiff reported this to her supervisors, but she was disregarded and the illegal conduct persisted.

In or around late April of 2024, Plaintiff discussed her pregnancy with her supervisor, Zach Howell ("Howell"). Despite Plaintiff's pregnancy, Howell tasked Plaintiff with the assignment of killing mice and rats that scampered throughout the kitchen. Plaintiff opposed the assignment, explaining that interacting with rodents could result in pregnancy complications but he ignored her.

In or around May of 2024, Plaintiff informed Defendant that she may need pregnancy-related accommodations in the near future and would provide doctor's notes if necessary. In or around May 12, 2024, in response to Plaintiff's discussion regarding pregnancy accommodations, Howell explicitly told Plaintiff that, "the best way to move forward with [her pregnancy] would be coming back in the morning and starting as a cashier in the market with a different pay rate."

Simply, Defendant discriminated against Plaintiff because of her sex and pregnancy as its "solution" for Plaintiff's pregnancy and pregnancy-related accommodations was to demote her. Defendant demoted Plaintiff from a position earning $60,000.00 annually with benefits (including child-related benefits) to an hourly employee earning $22.00 per hour and no benefits. Plaintiff opposed the demotion but Defendant stated she could either begin the new role or be terminated.

In or around May of 2024, Defendant failed to schedule Plaintiff for shifts that she had previously been scheduled for. In or around May 18, 2024, Defendant assigned Plaintiff the task of moving heavy inventory to a nearby firehouse that was approximately 90 degrees. While Plaintiff performed this task, she texted Defendant that she felt unwell, however she was asked to

complete the assignment. Plaintiff nearly fainted and went to the emergency room for immediate treatment. Plaintiff sent the emergency room's medical notes to Defendant.

Plaintiff complained to Defendant that they mistreated her because she was a pregnant woman. In response, Defendant removed Plaintiff from its schedule and ignored her many attempts to contact Defendant. In or around June 11, 2024, Defendant finally responded to Plaintiff and informed her that she voluntarily abandoned her employment on May 19, 2024.

Plaintiff alleges the following causes of action:

> Count I – Title VII Sex and Pregnancy Discrimination;
>
> Count II – Title VII Hostile Work Environment;
>
> Count III – Title VII Retaliation;
>
> Count IV – PWFA Discrimination;
>
> Count V – PWFA Retaliation/Interference;
>
> Count VI – FLSA Violation (Improper Tip Share Participation); and
>
> Count VII – FLSA Retaliation.

  b. **Defendant's brief narrative statement of the facts and defenses:**

Defendant owns and operates a Restaurant and Convenience Store in Gulf Shores, Alabama.

Defendant acknowledges its employment practices are subject to the Fair Labor Standards Act and Title VII of the Civil Rights Act of 1964, including "the Pregnant Workers Fairness Act". Defendant.

Defendant denies all of the Plaintiff's factual allegations, at least to the extent said allegations give rise to her claims that Defendant discriminated against her, or otherwise violated the law.

## FACTS

On or about April 15, 2024, Defendant interviewed and subsequently hired Plaintiff.

Plaintiff began a week of training on April 18, 2024 and commenced work as an assistant manager on or about April 25, 2024.

Although Ms. Boggs was aware of her pregnancy (from the time of her initial interview) she withheld this information from Defendant for several weeks.

In late April or early May of 2024, Plaintiff disclosed and discussed her pregnancy with her supervisor, Zach Howell ("Howell").

At no time did Mr. Howell, or any of Defendant's other supervisors or managers, express the slightest anger or disappointment with regard to Plaintiff's pregnancy.

Plaintiff's job description wasn't altered until May 10, 2024, when she informed Mr. Howell that she was experiencing preeclampsia and requested accommodation.

Mr. Howell immediately accommodated Plaintiff by offering her a seated position within the adjacent convenience store.

Plaintiff was never demoted and her compensation was never reduced.

On May 19, 2024, voluntarily quit her job and left her post.

2. This jury action should be ready for trial by September 7, 2026, and at this time is expected to take approximately five (5) days excluding jury selection.

3. The parties request a pretrial conference in August of 2026.

4. Discovery Plan. The parties jointly propose to the court the following discovery plan:

   a. Discovery will be needed on the following subjects:

    i. Defendant's employment of Plaintiff, including but not limited to the application, interview, and hiring process in addition to Defendant's termination of Plaintiff;

    ii. Plaintiff's comparators employed by Defendant, including but not limited to any comparator's personnel files;

    iii. Defendant's handbooks, policies, procedures, and trainings regarding but not limited to discrimination, harassment, retaliation, and wage and hour policies pursuant to federal law;

    iv. All investigations, reports, and complaints made by Plaintiff and Defendant's employees to Defendant's managers, supervisors, and supervisory staff;

    v. Defendant's working conditions, safety protocols, tip sharing protocols; and

    vi. Plaintiff's pregnancy-related medical records.

  b. All discovery commenced in time to be completed by June 1, 2026. Any discovery issues to be completed by June 1, 2026.

5. Initial Disclosures. The parties will exchange by October 24, 2025, the information required by Fed.R.Civ.P. 26(a)(1).

6. The parties request until November 14, 2026, to join additional parties and amend the pleadings.

7. Reports from retained experts under Rule 26(a)(2) due:

 a. From Plaintiff by April 10, 2026.

 b. From Defendant by April 24, 2026.

8. Pretrial Disclosures. Final lists of witnesses and exhibits under Rule 26(a)(3) due by August 7, 2026.

9. Discovery Limits.

      a.   Maximum of 25 interrogatories by each party to any other party. Responses due 30 days after service.

      b.   Maximum of ten (10) depositions by Plaintiff and ten (10) by Defendant. Each deposition limited to maximum of seven (7) hours unless extended by agreement of parties.

      c.   Maximum of 30 requests for admission by each party to any other party. Responses due 30 days after service.

      d.   Maximum of 30 requests for production of documents by each party to any other party. Responses due 30 days after service.

10.   All potentially dispositive motions filed by June 19, 2026.

11.   Settlement may be enhanced by use of the following alternative dispute resolution procedure: formal mediation with a certified mediator.

12.   The discovery in this action will include Electronically Stored Information.

The Parties have made the following agreements regarding the disclosure and discovery of electronically stored information as well as the assertion of claims of privilege or protection of trial preparation materials after production: Nothing herein shall prevent any Party from asserting any applicable objection to any discovery request. Disclosure or discovery of electronically stored information ("ESI") should be handled as follows:

      a.   **Nature of Production of ESI**. Electronic discovery shall be produced to the requesting party in a commercially reasonable manner. The Parties agree that ESI shall be produced to the requesting party in a commercially reasonable manner, including the relevant metadata (e.g., creation date, modification date, authorship), unless otherwise agreed. If a party requests documents that are stored in a readily accessible electronic format, the producing party may provide the requesting party copies of the documents in .pdf format with bates numbering,

provided that such format retains all metadata from the native format. If the receiving party determines in good faith that production of a document in a .pdf format does not adequately allow the party to review the document, the receiving party may request that an electronic copy be provided to it. The parties agree to produce pictures and videos in their original digital format, to the extent technically feasible. To the extent electronically stored information is not readily accessible, the parties agree to follow the guidelines provided in Rule 26(b)(2)(B). The parties will collaborate to establish search terms (including date ranges) and identify custodians for email searches.

      b.  **Cost and Burden of Producing Electronic Discovery**. Unless the party with the burden of bearing the costs as specified below demonstrates to the Court that the cost is overly burdensome, the following presumptions apply: (1) To the extent that the parties request files or copies of documents, the parties agree that such requests shall be provided to the other party in the normal and traditional course of discovery, with the producing party bearing the cost of assembling the requests, unless the requested discovery is not reasonably accessible because of undue burden/expense or as provided in Rule 26(b)(2)(B); (2) To the extent that a party requests to examine a hard drive, server, computer, voice mail system, or other electronic device or component, the party making the request shall bear the cost of the examination and may examine the device or component at a mutually agreeable time and in a commercially reasonable manner.

      c.  **Claims of privilege or of protection as trial-preparation materials, including — if the parties agree on a procedure to assert those claims after production — whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502**:

      To the extent that counsel for a disclosing party receives electronic discovery from its client and the discovery does not contain any privileged communications, counsel for the disclosing party

may forward such electronic discovery to opposing counsel by e-mail without waiving the attorney-client privilege. The parties may also agree that if counsel for either party inadvertently discloses information protected by the attorney-client privilege, such disclosure shall not constitute a waiver of the attorney-client privilege. When a party learns that privileged information, either received or produced, has been inadvertently disclosed, the party shall notify the other party in writing and the document shall be returned so that the document may be withheld or redacted, as appropriate, and shall be identified in a privilege log. The Parties acknowledge that either party may challenge the other party's claim of privilege pursuant to Rule 37 of the Federal Rules of Civil Procedure.

13. There are no other matters that the parties wish to present to the Court at this time.

Dated: October 3, 2025.

Respectfully submitted,

| | |
|---|---|
| */s/ Daniel J. Barroukh* | */s/ T. Deven Moore (Moo061)* |
| Daniel J. Barroukh, Esq. | T. Deven Moore, Esq. |
| Florida Bar No. 1049271 | tdmoorefirm@gmail.com |
| danielb@dereksmithlaw.com | |
| | |
| **DEREK SMITH LAW GROUP, PLLC** | **THE MOORE FIRM** |
| 520 Brickell Key Drive, #O-301 | PO Box 906 |
| Miami, FL 33131 | Montrose, Alabama 36559 |
| Telephone: 786-688-2335 | Tel: (251)656-2607 |
| Fax: (305) 503-6741 | *Counsel for Defendant* |
| *Counsel for Plaintiff* | |