### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| BROOKE BOGGS, : | |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | CA 1:25-00226-C[1] |
| : | |
| A RESTAURANT GROUP, LLC, : | |
| : | |
| Defendant. : | |

### RULE 16(b) SCHEDULING ORDER

After consideration of the Fed. R. Civ. P. 26(f) report (Doc. **21**), which was filed on October 3, 2025, the following scheduling order is entered pursuant to Fed. R. Civ. P. 16(b):[2]

1.   FINAL PRETRIAL CONFERENCE.  This jury action shall come on for a pretrial conference before United States Magistrate Judge William E. Cassady on **August 6, 2026, at 2:00 p.m.,** in **Mobile, Alabama**, in **Courtroom 3A.**  This is a firm setting and the parties are expected to be ready for trial by the pretrial conference.  **A COPY OF THE STANDING ORDER GOVERNING THE FINAL PRETRIAL CONFERENCE IS ATTACHED.**

---

[1] This action is proceeding within the jurisdiction of the magistrate judge by expressed consent pursuant to 28 U.S.C. §636(c) and Fed.R.Civ.P. 73. See Docs. 2, 24 & 25.

[2] The parties have not requested a scheduling conference.  See Doc. 21, PageID.80.

**NO ADDITIONAL NOTICES REGARDING THE FINAL PRETRIAL CONFERENCE WILL BE NECESSARY**.

    2.    TRIAL. This jury action will come on for jury selection and trial in **Mobile, Alabama** on **September 29, 2026, at 9:00 a.m.** in Courtroom 3A of the United States Courthouse, Mobile, Alabama. The parties have estimated that this action will require **five (5) trial days**.

    3.    DISCOVERY COMPLETION. All discovery is to be completed on or before **June 1, 2026**. Requests for extension will be viewed with great disfavor and will not be considered except upon a showing (1) that extraordinary circumstances require it and (2) that the parties have diligently pursued discovery.

For all actions, "completed" means that all interrogatories, requests for admissions, and requests for production have been served and responded to; physical inspections and testing have been concluded; physical and mental examinations have been concluded; experts' reports have been exchanged; all depositions, including experts' depositions, have been taken; any motions to compel having been timely filed to give adequate time for the court to consider them; and non-party subpoenas (for production of evidence or to permit inspection) have been served and responded to.

    4.    INITIAL DISCLOSURES. The initial disclosures required by Fed. R. Civ. P. 26(a)(1) are to be exchanged not later than **October 24, 2025.**

    5.    AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES.

Motions for leave to amend the pleadings or to join other parties must be filed not later than **November 14, 2025**.[3]

      6.    <u>EXPERT TESTIMONY</u>. The expert reports as required by Rule 26(a)(2) shall be produced by Plaintiff on or before **April 10, 2026** and by Defendant on or before **April 24, 2026.** The foregoing deadlines for expert disclosures may be extended by agreement of the parties without a court order; however, all expert discovery must be completed by the discovery completion deadline set forth above. Unless extended by agreement of the parties, an expert's deposition, if taken, must be noticed, and completed within **thirty (30) days** of the date on which the expert's report is disclosed.

<u>Please Note</u>:   **All challenges to expert witnesses, including *Daubert* motions, must be filed in advance of the Final Pretrial Conference and not later than June 19, 2026.**

      7.    <u>SUPPLEMENTATION</u>. The supplementations of disclosures and responses as required by Fed. R. Civ. P. 26(e) are to be accomplished as the need arises but no later than **30 days** of learning of the need to supplement. All supplementations shall be completed not later than **May 1, 2026.**

      8.    <u>PRETRIAL DISCLOSURES</u>.   The time for **disclosing** the information required by Fed. R. Civ. P. 26(a)(3) shall be **July 16, 2026**.

---

[3] The parties are reminded that any amendment to their pleadings not made as a matter of course is required to comport with Fed. R. Civ. P. 15(a)(2), *i.e.*, include the opposing party's written consent or request the Court's leave.

3

9. DISCOVERY LIMITS. Discovery is limited as following: [4]

a. Not more than **two sets** of interrogatories, not to exceed **twenty-five (25)**, including all discrete subparts, may be served by each party upon any other party. Responses are due within thirty (30) days of service.

b. Not more than **seven (7) depositions** may be taken by each party, the depositions being limited in duration to a maximum of one (1) day of **seven (7) hours** unless extended by agreement.

c. Not more than **two sets** of requests for admissions, not to exceed **thirty (30)**, including all discrete subparts, may be served by each party upon any other party. Responses are due within thirty (30) days of service.

d. Not more than **two sets** of requests for production of documents to be limited in number by an agreement between the parties, may be served by each party upon any other party. Responses are due within thirty (30) days of service. **Subpoenas *duces tecum* to a party ordering such party to produce documents or things at trial shall not be used to circumvent the limitations placed on discovery.**

In applying these limits, all parties represented by the same counsel will be treated as a single party.

10. ELECTRONICALLY STORED INFORMATION ("ESI"). The

---

[4] Those specific discovery issues identified by the parties in paragraph 4 of their Rule 26(f) report are the issues subject to discovery in this case. (Doc. 8, ¶ 4).

parties have indicated that this case **will** include discovery of ESI. They have reached an agreement on a plan to preserve and produce ESI as follows:

  a. **Nature of Production of ESI**. The Parties agree that ESI shall be produced to the requesting party in a commercially reasonable manner, including the relevant metadata (e.g., creation date, modification date, authorship), unless otherwise agreed. If a party requests documents that are stored in a readily accessible electronic format, the producing party may provide the requesting party copies of the documents in .pdf format with bates numbering, provided that such format retains all metadata from the native format. If the receiving party determines in good faith that production of a document in a .pdf format does not adequately allow the party to review the document, the receiving party may request that an electronic copy be provided to it. The parties agree to produce pictures and videos in their original digital format, to the extent technically feasible. To the extent electronically stored information is not readily accessible, the parties agree to follow the guidelines provided in Rule 26(b)(2)(B). The parties will collaborate to establish search terms (including date ranges) and identify custodians for email searches.

  b. **Cost and Burden of Producing Electronic Discovery**. Unless the party with the burden of bearing the costs as specified below demonstrates to the Court that the cost is overly burdensome, the following presumptions apply: (1) To the extent that the parties request files or copies of documents, the parties agree that such requests shall be provided to the other

party in the normal and traditional course of discovery, with the producing party bearing the cost of assembling the requests, unless the requested discovery is not reasonably accessible because of undue burden/expense or as provided in Rule 26(b)(2)(B); (2) To the extent that a party requests to examine a hard drive, server, computer, voice mail system, or other electronic device or component, the party making the request shall bear the cost of the examination and may examine the device or component at a mutually agreeable time and in a commercially reasonable manner.

      c.  **Claims of privilege or of protection as trial-preparation materials, including — if the parties agree on a procedure to assert those claims after production — whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502**:

To the extent that counsel for a disclosing party receives electronic discovery from its client and the discovery does not contain any privileged communications, counsel for the disclosing party may forward such electronic discovery to opposing counsel by e-mail without waiving the attorney-client privilege. The parties may also agree that if counsel for either party inadvertently discloses information protected by the attorney-client privilege, such disclosure shall not constitute a waiver of the attorney-client privilege. When a party learns that privileged information, either received or produced, has been inadvertently disclosed, the party shall notify the other party in writing and the document shall be returned so that the document may be

6

withheld or redacted, as appropriate, and shall be identified in a privilege log. The Parties acknowledge that either party may challenge the other party's claim of privilege pursuant to Rule 37 of the Federal Rules of Civil Procedure. Doc. 21, PageID.85-87. Should the parties not be able to resolve scope or production differences regarding ESI, they shall advise the undersigned's Deputy Clerk, Edwina Crawford, of the issue(s) and request a telephone conference with the undersigned.

    11.    <u>DISCOVERY MOTIONS</u>. The following requirements pertain to discovery motions filed in this Court:

    a.    <u>Conferencing by Counsel</u>. Before either party moves this Court for an order based on discovery (other than disputes relating to confidentiality designations), the movant must request a conference with the Court. *See* FED. R. CIV. P. 16(b)(3)(B)(v). The movant may not file the discovery motion until the conference with the Court has concluded or, if the Court declines to hold a conference, until after the Court communicates its decision not to hold a conference. Neither party shall be deemed to have waived any rights or objections-including the right to file the motion in question with evidentiary support as necessary and appropriate-with respect to the disputed discovery because of the procedures set forth in this paragraph.

    b.    <u>Time of Filing; Form</u>. When authorized by the undersigned, a motion for protective order pursuant to Fed. R. Civ. P. 26(c), a motion for physical and mental examination pursuant to Fed. R. Civ. P. 35(a),

a motion to determine sufficiency pursuant to Fed. R. Civ. P. 36(a), and a motion to compel pursuant to Fed. R. Civ. P. 37 shall be brought on a schedule established after a conference with counsel. Any such motion shall quote <u>in full</u> (1) each interrogatory, request for admission or request for production to which the motion is addressed, <u>or</u> otherwise identify specifically and succinctly the discovery to which objection is taken or from which a protective order is sought, and (2) the response or the objection and grounds therefor, if any, as stated by the opposing party. Unless otherwise ordered by the Court, the complete transcripts or discovery papers are <u>not</u> to be filed with the Court unless the motion cannot be fairly decided without reference to the complete original.

        c.    <u>Time for Responses</u>. Unless within fourteen (14) days after the filing of a discovery motion the opposing party files a written response thereto, the opportunity to respond shall be deemed waived and the Court will act on the motion. Every party filing a response shall file with the response a memorandum of law, including citations of supporting authorities and any affidavits and other documents setting forth or evidencing facts on which their response is based.

        d.    <u>Privilege or Protection of Trial Preparation Materials</u>. The provisions of Fed. R. Civ. P. 26(b)(5) will be strictly enforced in those rare situations in which privilege or work product protection is invoked. Fed. R. Civ. P. 26(b)(5) information shall be disclosed in a "privilege log" served with

the objections to production. The "privilege log" shall, at a minimum, contain the facts suggested in paragraph N (pages 9-11) of the *Introduction to Civil Discovery Practice in the Southern District of Alabama*, Civil Practice Subcommittee (May 13, 2019) (distributed by the Clerk with the Local Rules).

12.     DISPOSITIVE MOTIONS. Motions for summary judgment and any other dispositive motions, especially those that require little or no discovery, are to be filed as soon as possible but in no event later than **June 19, 2026**. Neither the final pretrial conference nor the trial in this action will be delayed pending a ruling on such motions. In submitting exhibits, the parties are reminded of Fed. R. Civ. P. 56(c)(1)(A), which provides only relevant portions of deposition transcripts, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answer, or other discovery materials shall be filed in support of or in opposition to a motion. Evidentiary submissions that do not comport with these requirements may be disregarded.

13.     SETTLEMENT/ADR. A substantial percentage of the civil actions filed in this Court eventually settle, so early settlement negotiations are strongly encouraged to preserve scarce judicial resources and litigation costs. *See* S.D. Ala. CivLR 16(d) (discussing alternative dispute resolution, with an emphasis on early neutral evaluation). If settlement negotiations prove unsuccessful, the parties may seek further assistance through the procedures set forth in this Court's Alternative Dispute Resolution Plan, which

is available on the Court's website.[5] Accordingly, the parties are **ORDERED** to file a written assessment of the possibility of resolving the issues in this case through a recognized ADR procedure. The written assessment shall be filed as soon as possible during the discovery process but no later than the ***close of discovery***. FED. R. CIV. P. 16(c)(2)(I).

Notwithstanding the above-referenced deadlines, the parties may contact the undersigned United States Magistrate Judge ***at any stage of the proceedings*** if they believe mediation or a settlement conference would be beneficial, and the undersigned will ask a colleague to conduct a settlement conference or refer this case to a Court-approved neutral for mediation.

14. BRIEFS; LETTERS; COURTESY AND DUPLICATE COPIES; FAXING OF DOCUMENTS. Unless prior permission of the Court is given:

    a. Principal briefs filed in support of, or in opposition to, any motion shall not exceed thirty (30) pages in length and a reply brief by movant shall not exceed fifteen (15) pages in length. Attachments to a brief do not count toward the page limitation. *See* S.D. Ala. CivLR 7(e).

    b. An application to the Court for an order shall be by motion, not by letter. *See* FED. R. CIV. P. 7(b). Any objection or response to a motion or to any other matter is to be done in a properly-styled and captioned paper, not by letter.

---

[5] *See* United States District Court for the Southern District of Alabama Order Adopting Alternative Dispute Resolution Plan, dated Feb. 8, 1995, *available at:* http://www.alsd.uscourts.gov/documents/forms/ADRplan.pdf.

  c. Except as otherwise provided herein, courtesy copies of pleadings, motions or other papers filed in the action are not to be provided to the Judge or the Judge's Chambers. A copy of a pleading, motion or other paper that has been previously filed in the action is not to be attached to a subsequently filed pleading, motion or other paper; it may be adopted by reference. If a party's exhibits in support of or in opposition to a motion exceed 50 pages in the aggregate, then that party must deliver a courtesy hard copy of those exhibits to Chambers by mail or hand delivery.

  d. Papers transmitted to the Court by facsimile will not be accepted for filing. A copy of this Court's policy regarding the faxing of documents can be found on the Court's website, http://www.alsd.uscourts.gov.

 15. <u>MODIFICATION OF FED. R. CIV. P. 16 ORDERS</u>. All parties are reminded that this scheduling order shall not be modified except upon a showing of good cause and by leave of Court. *Compare* FED. R. CIV. P. 16(b)(4) *with* S.D. Ala. CivLR 26(c). Establishing good cause generally requires a showing that the applicable deadline could not be met despite the diligence of the party seeking modification of the schedule, that is, a finding that the moving party lacked due diligence usually ends the inquiry into good cause. An order entered after the final pretrial conference shall be modified only to prevent manifest injustice. FED. R. CIV. P. 16(b) & (e).

 16. <u>LOCAL RULES</u>. All parties are reminded that the Local Rules of this district contain important requirements concerning the commencement of

discovery, motions to dismiss and for summary judgment, and other matters. They are reprinted in ALABAMA RULES OF COURT (West Publishing Co.) and ALABAMA RULES ANNOTATED (The Michie Co.) but are amended from time to time. A current version may be obtained from the Clerk or downloaded from the Court's website, http://www.alsd.uscourts.gov.

As a general matter, Fed. R. Civ. P. 5(d) proscribes the filing of most discovery materials. Instead, whenever any discovery material is served, counsel shall contemporaneously file a notice with the Court identifying the date of service and the nature of the material. S.D. Ala. CivLR 5(b). In the event discovery materials are germane to any motion or response, only the relevant portions of the material shall be filed with the motion or response. S.D. Ala. CivLR 5(a). Further, the custodian of any discovery material shall provide all other parties reasonable access to the material and an opportunity to duplicate the material at the expense of the copying party. S.D. Ala. CivLR 5(c). No other person may obtain a copy of any discovery material from its custodian except on motion and with leave of Court, upon payment of the expense of the copy. *Id.*

17. <u>SANCTIONS</u>. The unjustified failure of a party or a party's attorney to timely comply with the requirements of this scheduling order shall be deemed a failure to obey the scheduling order and shall subject said party or party's attorney to one or more of the sanctions authorized by Fed. R. Civ. P. 16(f).

18. OTHER.

    a. Third Party Subpoenas. Any party wishing to serve a subpoena for documents or things on a third party shall give notice of the subpoena to the opposing party **five (5) business days** before the subpoena is to be issued to allow the opposing party an opportunity to raise any applicable objections. In the event any objections are raised, the subpoena shall not be issued and the parties agree to confer in good faith to reach a resolution to the objection. If no resolution on the objection can be reached by the parties, the party objecting to the subpoena may file a motion for protective order relating to the subpoena, and the party wishing to issue the subpoena agrees to not to serve the subpoena unless the motion for protective order is denied.

Any documents received by a party pursuant to a subpoena shall be produced to the other parties within fourteen (14) days of receipt of the documents, but to the extent the production is close in time to a deposition where the documents may be used or the subject matter of the documents may be discussed, then the production shall occur no later than five (5) business days prior to the deposition unless otherwise agreed to by the parties. The parties shall produce copies of all documents received in response to a third-party subpoena.

    b. Pursuant to Fed.R.Civ.P. 5(b)(2)(E), the Parties consent to service of discovery and other papers not filed using the CM/ECF system by electronic mail.

**DONE** and **ORDERED** this the 16th day of October, 2025.

<u>s/WILLIAM E. CASSADY</u>
**UNITED STATES MAGISTRATE JUDGE**