**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA**

BROOKE BOGGS,

                Plaintiff,

v.

A RESTAURANT GROUP, L.L.C.,

                Defendant.

_____/

CASE NO.: 1:25-cv-00226-C

**PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF
CIVIL PROCEDURE 37**

Plaintiff, BROOKE BOGGS ("Plaintiff"), by and through her undersigned counsel and pursuant to Fed. R. Civ. P. 37, and the Court's April 22, 2026 Order [ECF No. 35], hereby moves for an Order imposing sanctions against Defendant, A RESTAURANT GROUP, L.L.C. ("Defendant"), for its failure to appear at Defendant's properly-noticed Rule 30(b)(6) deposition on March 30, 2026, and in support states as follows:

**I.      RELEVANT BACKGROUND**

1.      On November 25, 2025, Plaintiff served Defendant, through its counsel of record, T. Deven Moore, Esq., with Plaintiff's Notice of Rule 30(b)(6) Deposition, setting Defendant's corporate representative deposition for March 30, 2026, at 9:30 AM Central Time, to be conducted remotely via Zoom. A true and correct copy of the Notice of Deposition is attached hereto as Exhibit "A," and the email service confirmation is attached as Exhibit "B."

2.      Defendant designated Darin Smith as its corporate representative.

3.      In the approximately four (4) months between service of the notice on November 25, 2025, and the deposition on March 30, 2026, neither Defendant nor its counsel served a Notice

of Unavailability, moved for a protective order, objected to the deposition, sought to reschedule, or otherwise communicated any issue with the scheduled deposition.

4.      On March 30, 2026, at the noticed time of 9:30 AM CT, Plaintiff's counsel and a court reporter from Everest Court Reporting appeared via Zoom for the deposition. Neither Defendant's corporate representative nor Defendant's counsel appeared.

5.      While on the record, Plaintiff's counsel attempted to contact Defendant's counsel by telephone at the number listed on his most recently served discovery responses and by email, confirming that Defendant and its counsel were aware of the deposition. A true and correct copy of the Certificate of Non-Appearance and Statement on the Record is attached hereto as Exhibit "C."

6.      At approximately 9:37 AM CT – seven (7) minutes after the deposition was scheduled to begin, and only after Plaintiff's counsel emailed him while on the record – Defendant's counsel responded by email stating: "we will not be attending. My client has retained substitute counsel and I expect they will file an appearance this week." A true and correct copy of that email is attached hereto as Exhibit "D."

7.      Plaintiff's counsel proceeded to obtain a Certificate of Non-Appearance. More than three (3) weeks have passed, and no substitute counsel has appeared for Defendant as of the filing of this Motion.

8.      On April 22, 2026, the Court held a conference with counsel for both parties and entered an Order [ECF No. 35] denying Defendant's counsel's motion to withdraw and expressly authorizing Plaintiff to file a motion for sanctions under Rule 37, provided that it is filed no later than May 6, 2026. This Motion is timely filed pursuant to that Order.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 37(d)(1)(A)(i) provides that the court "may, on motion, order sanctions if … a party or a party's officer, director, or managing agent – or a person designated under Rule 30(b)(6) or 31(a)(4) – fails, after being served with proper notice, to appear for that person's deposition." FED. R. CIV. P. 37(d)(1)(A)(i). "A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." FED. R. CIV. P. 37(d)(2).

Available sanctions include any of the orders listed in Rule 37(b)(2)(A)(i)–(vi), which include directing that matters be taken as established, prohibiting the disobedient party from supporting or opposing designated claims or defenses, striking pleadings, staying proceedings, dismissing the action, or rendering default judgment. FED. R. CIV. P. 37(b)(2)(A); FED. R. CIV. P. 37(d)(3).

In addition to, or instead of, those sanctions, the award of reasonable expenses is *mandatory*: "[T]he court *must* require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(d)(3) (emphasis added); *see also Bullard v. Hous. Auth. of the City of Monroeville*, 2021 WL 12322087, at *1 (S.D. Ala. Nov. 15, 2021) (granting sanctions against plaintiff who failed to appear at properly-noticed deposition and ordering payment of court reporter expenses) (citing *Barnett v. Baldwin County Bd. of Educ.*, 2015 WL 2365481 at 2 (S.D. Ala. Apr. 9, 2015)).

Importantly, "[n]o showing of willfulness or bad faith or fault is required" to impose a Rule 37(d) sanction for failure to appear at a deposition. *Betancourt v. Gen. Servs. of VA, Inc.*, 2015 WL

3

13792037, at *2 (M.D. Fla. May 22, 2015) (quoting *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1049 (11th Cir. 1994)). Courts in the Eleventh Circuit routinely award reasonable attorney's fees and court reporter costs under Rule 37(d) when a party fails to appear for a properly-noticed deposition. *See, e.g.*, *All Web Leads, Inc. v. D'Amico*, 2019 WL 2051970, at *1 (S.D. Fla. May 2, 2019) (awarding attorney's fees and court reporter costs for failure to appear at deposition); *Atkinson v. Volusia Cnty. Sch. Bd.*, 2016 WL 6524410, at *1 (M.D. Fla. Nov. 3, 2016) (awarding attorney's fees incurred preparing for the deposition and preparing the motion for sanctions, along with court reporter costs).

## III.    PLAINTIFF IS ENTITLED TO SANCTIONS AND ATTORNEY'S FEES

The facts here fit squarely within Rule 37(d)(1)(A)(i). Defendant was properly served with a Rule 30(b)(6) Notice more than four (4) months in advance of the deposition. Defendant designated Darin Smith as its corporate representative. Neither Mr. Smith, any other designee, nor Defendant's counsel appeared at the deposition. No motion for a protective order was ever filed. No Notice of Unavailability was served. No objection was raised. Plaintiff only learned that Defendant would not appear *after* the deposition was already scheduled to begin, and only because Plaintiff's counsel reached out while on the record to inquire.

Defense counsel's eleventh-hour email – stating that Defendant had retained substitute counsel and that substitute counsel was expected to appear "this week" – does not provide substantial justification for the failure to appear. Even assuming Defendant had, in fact, retained substitute counsel, the Federal Rules required Defendant and its counsel of record to either appear, move for a protective order, or notify opposing counsel of the inability to appear in advance. They did none of these things. Moreover, as the Court noted in its April 22, 2026 Order [ECF No. 35],

4

Defendant's counsel remains counsel of record – the motion to withdraw was denied, and no substitute counsel has appeared. The deposition must proceed.

The failure to appear caused Plaintiff to incur real, avoidable expenses: attorney's fees for preparing the Rule 30(b)(6) outline and preparing for the deposition, attorney's fees for appearing at the deposition and placing the statement on the record, court reporter fees associated with the Certificate of Non-Appearance, and now the attorney's fees associated with preparing and prosecuting this Motion. Each of these costs was directly "caused by the failure" within the meaning of Rule 37(d)(3), and each is recoverable. *See Atkinson*, 2016 WL 6524410, at *1; *Bullard*, 2021 WL 12322087, at *1.

Because Rule 37(d)(3) makes the award of reasonable expenses mandatory absent substantial justification or circumstances that would make an award unjust – neither of which exists here – Plaintiff is entitled to recover her reasonable attorney's fees and costs associated with the failed deposition and with this Motion.

## IV. RELIEF REQUESTED

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order:

1. Finding that Defendant, without substantial justification, failed to appear at Defendant's properly-noticed Rule 30(b)(6) deposition on March 30, 2026, in violation of Fed. R. Civ. P. 37(d);

2. Awarding Plaintiff the reasonable expenses caused by the failure, including attorney's fees, court reporter fees, and the attorney's fees incurred in preparing and prosecuting this Motion, pursuant to Fed. R. Civ. P. 37(d)(3);

3. Compelling Defendant to produce its corporate representative on May 26, 2026, a date agreed upon by counsel on April 22, 2026, with Defendant bearing all costs associated with

the rescheduled deposition, including any additional court reporter, and attorney's fees; and

4. Granting such other and further relief as the Court deems just and proper.

Dated this 23rd day of April, 2026.

Respectfully submitted,

**DEREK SMITH LAW GROUP, PLLC**
*Counsel for Plaintiff*

/s/ Daniel J. Barroukh
Daniel J. Barroukh, Esq. (*pro hac vice*)
Florida Bar No. 1049271
Derek Smith Law Group, PLLC
520 Brickell Key Drive, Suite O-301
Miami, FL 33131
Tel: (305) 946-1884
Fax: (305) 503-6741
danielb@dereksmithlaw.com

6

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 23rd day of April, 2026, a true and correct copy of the foregoing document is being served on Defendant, A RESTAURANT GROUP, L.L.C. c/o Mark Frolich, its Registered Agent, 4715 Millhouse Rd., Gulf Shores, AL 36542, via U.S. mail, and on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Daniel J. Barroukh
Daniel J. Barroukh, Esq.

7