**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ALABAMA**

BROOKE BOGGS,

          Plaintiff,                              CASE NO.: 1:25-CV-00226-C

v.

A RESTAURANT GROUP, L.L.C.,

          Defendant.

_____/

**PLAINTIFF'S NOTICE OF RULE 30(b)(6) DEPOSITION**

    **PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff, BROOKE BOGGS ("Plaintiff"), shall take the deposition upon oral examination of Defendant, A RESTAURANT GROUP, L.L.C. ("Defendant"), through one or more representatives who shall be designated to testify on Defendant's behalf regarding all information known or reasonably available to Defendant with respect to the subject matter identified in Schedule A. Defendant is required to prepare its representative(s) for the deposition in compliance with its obligations under Rule 30(b)(6). This deposition shall commence on the following date and time:

| DESIGNEE | DATE/TIME | LOCATION |
|----------|-----------|----------|
| Darin Smith | March 30, 2026, at 9:30 AM CT | Via Zoom |

    The deposition will be conducted virtually through Everest Court Reporting using audio-visual conference technology. The oral examination will continue from day to day until completed. The deposition is being taken for the purpose of discovery, for use at trial, or for such other purposes as are permitted under the Federal Rules of Civil Procedure.

The witness identified above agrees to do the following:

- Log into the deposition using a computer or laptop that is plugged in and not running on battery;

- Log into the deposition ten (10) minutes prior to the start time to ensure that he/she is properly connected and can be seen and heard;

- Sit in a quiet location where there will be no noise, distractions or interruptions; and

- Have appropriate lighting where he/she is sitting so that he/she may be seen, and avoid sitting with a window behind him/her (or, if there is a window behind him, ensure that blinds are drawn so that he can be seen).

- No counsel shall initiate a private conference, including through text message, electronic mail, or the chat feature in the videoconferencing system, with any deponent while a question is pending, except for the purpose of determining whether a privilege should be asserted.

**PLEASE TAKE FURTHER NOTICE** that the deposition shall be recorded stenographically. The deposition transcript or any document(s) produced at such time may be used for discovery purposes or introduced as evidence at the trial of this action.

In accordance with the Americans with Disabilities Act, a person needing a special accommodation to participate in this proceeding should contact the undersigned attorney no later than seven days prior to the proceeding. Such person should telephone the said attorney at (305) 946-1884 for assistance or call 1-800-955-8771 (TDD) or 1-800-955-9770 (V) if hearing or speech impaired.

2

```
┌─────────────────────────────────────────────────────┐
│          ZOOM CONNECTION INSTRUCTIONS                │
│                                                       │
│  - Link:        https://everestdepo.zoom.us/j/86231293014 │
│                                                       │
│  - Dial-in:     929-205-6099                         │
│                                                       │
│  - Meeting ID:  862-3129-3014                        │
│                                                       │
│  - Passcode:    541068                               │
└─────────────────────────────────────────────────────┘
```

Dated the 25th day of November, 2025.

Respectfully submitted,

**DEREK SMITH LAW GROUP, PLLC**
*Co-Counsel for Plaintiff*

/s/ Daniel J. Barroukh
Daniel J. Barroukh, Esq. (*pro hac vice*)
Florida Bar No. 1049271
Derek Smith Law Group, PLLC
520 Brickell Key Drive, Suite O-301
Miami, FL 33131
Tel: (305) 946-1884
Fax: (305) 503-6741
danielb@dereksmithlaw.com

## SCHEDULE A
## LIST OF TOPICS FOR DEFENDANT
## A RESTAURANT GROUP, L.L.C.'S REPRESENTATIVE
### (hereinafter "Defendant")

1. Knowledge related to each and every document provided by Defendant in response to Plaintiff's discovery requests.

2. Knowledge related to each and every interrogatory response provided by Defendant in response to Plaintiff's discovery requests.

3. Knowledge related to Defendant's Answer and Affirmative Defenses.

4. Knowledge related to Defendant's Position Statement filed with the EEOC and/or FCHR.

5. Knowledge related to the compensation paid to Plaintiff during her employment with Defendant.

6. Knowledge related to all of the benefits Plaintiff received subject to her employment with Defendant, including pension plan payments, 401k benefits, profit sharing, health benefits, retirement plans, and any other benefit Plaintiff received during her employment with Defendant.

7. Knowledge related to benefits that Defendant offered to employees in general, including the cash value of each benefit offered, when Defendant began to offer said benefits, and descriptions of benefit packages that Defendant included as part of the compensation employees received.

8. Knowledge related to Plaintiff's employment with Defendant, including but not limited to, dates of employment, job assignments, job performance, promotions, discipline, benefits, job titles, and termination.

9. Knowledge related to any write-ups, complaints, comments, criticisms, or warnings, oral or written, concerning Plaintiff's work performance during her employment with the Defendant.

10. Knowledge related to performance reviews or evaluations that Plaintiff received or underwent during her employment with Defendant, including the dates of each performance review or evaluation and the substance of each performance review or evaluation.

11. Knowledge of the policies or procedures provided by and/or maintained by Defendant regarding the prevention of discrimination, harassment, and retaliation in the workplace, which were in effect during Plaintiff's employment with Defendant.

12. Knowledge of the policies or procedures provided by and/or maintained by Defendant regarding the investigation of employee complaints of discrimination, harassment, or retaliation, which were in effect during Plaintiff's employment with Defendant.

13. Knowledge of Defendant's employee handbook that was in effect during Plaintiff's employment.

14. Knowledge related to Zach Howell's employment with Defendant, including but not limited to, his personnel file, dates of employment, job assignments, job titles, compensation, promotions, benefits, discipline, and complaints of unlawful employment practices made against him.

15. Knowledge related to Haley McLeod's employment with Defendant, including but not limited to, her personnel file, dates of employment, job assignments, job titles, compensation, promotions, benefits, discipline, and complaints of unlawful employment practices made against her.

16. Knowledge related to Darin Smith's employment with Defendant, including but not limited to, his personnel file, dates of employment, job assignments, job titles, compensation, promotions, benefits, discipline, and complaints of unlawful employment practices made by him.

17. Knowledge related to Melia Jones' employment with Defendant, including but not limited to, her personnel file, dates of employment, job assignments, job titles, compensation, promotions, benefits, discipline, and complaints of unlawful employment practices made by her.

18. Knowledge of any complaint(s), charge(s), report(s) or allegation(s), formal or informal, of harassment, discrimination, retaliation, and/or failure to accommodate, which were made against Douglas Camargo at any time during his employment with Defendant.

19. Knowledge related to any complaint(s), charge(s), report(s) or allegation(s), formal or informal, of harassment, discrimination, and retaliation, which were made by any person other than Plaintiff, against Defendant since July 1, 2021.

20. Knowledge related to any complaints of harassment, discrimination, and retaliation made by Plaintiff during her employment with Defendant.

21. Knowledge related to any investigation conducted into any complaints of harassment, discrimination, and retaliation made by Plaintiff during her employment with Defendant.

22. Knowledge related to any incident statements, witness statements, interviews, or investigative reports, created or conducted by Defendant in connection with Plaintiff's complaints of discrimination, harassment, and retaliation.

23. Knowledge related to any communications between any of Defendant's employees regarding Plaintiff's complaints of discrimination, harassment, and retaliation.

24. Knowledge related to any communications between any of Defendant's employees regarding the investigation conducted into Plaintiff's complaints of discrimination, harassment, and retaliation.

25. Knowledge of Defendant's hiring policies and procedures since July of 2021.

26. Knowledge of Defendant's policies regarding pregnancy since January 2, 2022.

27. Knowledge of Defendant's tip-sharing or tip-pooling arrangements since January 1, 2023.

28. Knowledge of Defendant's disbursement of tips to its tipped-employees since January 1, 2023.

29. Knowledge of Defendant's termination of Plaintiff in or around May 19, 2024.

**CERTIFICATE OF SERVICE**

I hereby certify that on November 25, 2025, I electronically filed the foregoing through the CM/ECF system and also certify that the foregoing document is being served this day on T. Deven Moore, Esq., The Moore Firm, P.O. Box 906, Montrose, Alabama 36559, Email: tdmoorefirm@gmail.com, via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Daniel J. Barroukh
Daniel J. Barroukh, Esq. (*pro hac vice*)

7